EARL A. ADAMS, JR., ET AL.    \*    NO. 2022-CA-0814

VERSUS    \*    COURT OF APPEAL

CHEVRON USA, INC.; EXXON    \*    FOURTH CIRCUIT
MOBIL CORPORATION;
SEXTON OIL & MINERAL    \*    STATE OF LOUISIANA
CORPORATION;
INTRACOASTAL TUBULAR    \*
SERVICES, INC,; ALPHA
TECHNICAL SERVICES, INC.;    \*
OFS, INC.; AND JOSEPH F.    \* \* \* \* \* \* \*
GREFER, CAMILLE GREFER,
ROSE MARIE GREFER
HAASE AND HENRY GREFER

**BROWN, J. CONCURS WITH REASONS**

I respectfully concur with the majority's opinion. I write separately, however, to further highlight the testimony of Mary Johnson, the drafter of the settlement agreement. Ms. Johnson unequivocally testified that "[i]t was the intent of the Settling Defendants that the Grefers not be included . . . as a Settling Defendant or a Released Party for their own liability or negligence, if any." Ms. Johnson relayed that the Grefers were not signatories to the agreement, did not contribute to the settlement referenced in the agreement, nor were the Grefers defined as released parties in the settlement agreement. In light of Ms. Johnson's testimony, coupled with Mr. Lang's testimony that he did not intend to release the Grefers and the Plaintiffs/Appellants' motion to dismiss—which explicitly excluded the Grefers and expressly reserved Plaintiffs/Appellants claims against other named defendants—I agree with the majority that the intent of the Plaintiffs/Appellants was not to release the Grefers from this litigation.